IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |   | |
|---|---|---|---|
| **JEFFERY ALLEN** | § | | |
| | § | | |
| **V.** | § | | **A-13-CA-870-SS** |
| | § | | |
| **WILLIAM STEPHENS, Director, Texas** | § | | |
| **Dept. of Criminal Justice-Correctional** | § | | |
| **Institutions Division** | § | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 10). Petitioner did not file a response thereto. Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 16th Judicial District Court of Denton County, Texas in cause number F-2007-2739-A. Petitioner was charged with two counts of engaging in organized criminal

activity.  As part of a plea bargain agreement, he pleaded guilty to the lesser included offense of arson in exchange for a seven-year sentence.  On June 11, 2008, the trial court sentenced Petitioner to seven years' imprisonment pursuant to the terms of the plea agreement. Petitioner did not appeal his conviction or sentence.

Petitioner now challenges the Board of Pardons and Paroles' decision to deny him release on discretionary mandatory supervision. According to Respondent, the Board denied discretionary mandatory supervision to Petitioner on November 14, 2012.  After being denied release on mandatory supervision, Petitioner filed a state application for habeas corpus relief.  Ex parte Allen, Appl. No. 80,067-01 at 1-38. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on August 28, 2013.  Id. at cover.

**B.     Grounds for Relief**

Respondent construed Petitioner's claims as follows:

1. The Board of Pardons and Paroles violated his right to due process by unjustifiably denying his release to mandatory supervision;

2. The terms of his plea bargain called for him to be released to parole after he served about fourteen months of his seven-year sentence;

3. The Board arbitrarily and capriciously denied him release to mandatory supervision; and

4. The Board violated his constitutional rights by denying him release to mandatory supervision.

Petitioner did not object to the description of his claims.  Because Petitioner's memorandum in support of his application for habeas corpus relief is not entirely clear as to the specific claims he makes, the Court construes Petitioner's application liberally.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

In 2011, the Supreme Court summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act, noting that the starting point in reviewing a state conviction is 28 U.S.C. § 2254. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). In part, § 2254 states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following

all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2) which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Absent such a showing, the federal court must give deference to the state court's fact findings. Id.

    1.    Parole

To the extent Petitioner makes any claims that his due process rights have been violated with respect to the denial of parole his claims fail. The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31.

Petitioner's argument concerning a presumptive parole date is also groundless. Pre-parolee status does not transform a parole date into a protected liberty interest. Gonzalez v. Quarterman, No. 4:07-CV-478-A, 2008 WL 3413136, at *2 (N.D. Tex. Aug. 11, 2008).

    2.    Mandatory Supervision

Petitioner makes various claims that his due process rights have been violated with respect to the denial of mandatory supervision. "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an

inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest in, and is entitled to due process protection with respect to, the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard. Geiken, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." Id. (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

Petitioner does not allege (1) he was not provided timely notice that he was to be considered for mandatory supervision release, (2) he was not given a meaningful opportunity to tender information to the Board in support of his release, or (3) he was not informed in what respects he fell short of qualifying for early release. This is all the process to which he was due under the law with regard to his 2012 denial of mandatory supervision. Instead, Petitioner complains the Board's reasoning or the guidelines it follows are too vague or arbitrary. However, the Court of Criminal Appeals has considered this argument and rejected it. Geiken, 28 S.W.3d at 557. In Geiken, the

applicant argued the statutory criteria directing the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public "are too vague to provide any guidance to the Board in making its decision and . . . this Court should, because of this vagueness, hold this portion of the statute unconstitutional." Id.  The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision." Id. The Geiken court concluded, "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors.  In creating a parole or other early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'" Id. (citing Greenholtz, 442 U.S. at 8).  Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit.  As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision.  See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").  Although Petitioner did not receive the result he desired, he was afforded the process he was due under the United States Constitution.

The failure to release Petitioner prior to the expiration of his sentence also does not implicate a double jeopardy violation. The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V.  This clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second

prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. As a matter of state law, good time and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App.1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). Therefore, Petitioner has not been subjected to multiple punishments for the same offense.

The failure to release Petitioner also does not amount to cruel and unusual punishment. The indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. Wilson v. Lynaugh, 878 F.2d 846, 848 (5th Cir.), cert. denied, 493 U.S. 969 (1989). The Supreme Court has held that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. Rhodes v. Chapman, 452 U.S. 337, 346-7 (1981). The denial of Petitioner's mandatory supervision is not an Eighth Amendment violation.

Finally, to the extent Petitioner contends the denial of mandatory supervision violates the Thirteenth Amendment, the Constitution does not forbid a prison inmate being required to work without pay or other compensation. Ali v. Johnson, 259 F.3d 317, 318 & n. 2 (5th Cir. 2001); Moody v. Baker, 857 F.2d 256, 257 (5th Cir. 1998).

### 3. Plea Agreement

Petitioner appears to argue the Board violated the terms of his plea agreement. According to Petitioner, counsel told him he would be released on his first eligible parole date, approximately

fourteen months into his seven-year sentence. At the time Petitioner filed his federal application for habeas corpus relief, he complained he was on his third mandatory supervision release date.[1]

Petitioner raised this claim in his state application. The trial court found the only three terms agreed to in the plea bargain agreement were that Petitioner shall serve seven years in TDCJ, Petitioner shall receive credit for 15 days, and Petitioner's conviction was a felony. Ex parte Allen, Appl. No. 80,067-01 at 64, 67. A copy of the plea bargain agreement confirming these terms is included in the state court records. Id. at 52. Petitioner has provided no evidence to the contrary.

4.  Conclusion

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

---

[1] The Court does not construe Petitioner's claim as a claim of ineffective assistance of counsel, because Petitioner did not raise that claim in his state application and his claim would be time-barred.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE